# Black *v.* Duquesne Borough School District, Appellant.

*Public officers—Tax collectors—Boroughs—School taxes—Acts of May 18, 1911, P. L. 309—Statutes—Repeal—Act of June 25, 1885, P. L. 187.*

1. A bill in equity is not the proper proceeding to determine whether a tax collector of a borough elected under the Act of June 25, 1885, P. L. 187, or a collector appointed by the school board under the Act of May 18, 1911, P. L. 309, is the proper officer to collect the school taxes, but where the lower court assumes jurisdiction on the ground that there is necessity for haste so that the tax payers may be enabled to pay the taxes without becoming delinquent, and neither side objects, the appellate court on appeal may make a final disposition of the case.

2. The School Code of May 18, 1911, P. L. 309, contains no general provisions for the election of tax collectors and the evident intention of the legislature was to leave undisturbed the method of collecting taxes in force at the time of its adoption.

3. The School Code of May 18, 1911, P. L. 309, does not repeal the Act of June 25, 1885, P. L. 187, in so far as the latter act relates to the collection of school taxes.

4. The mere fact that a tax collector, whether elective or appointive, has not settled his duplicate by the first of June does not in itself involve a forfeiture of his office and authorize the school board to consider the office vacant and appoint a successor, under Section 560 of the Act of May 18, 1911.

Argued Nov. 7, 1912. Appeal, No. 7, Oct. T., 1912, by defendants, from decree of C. P. Allegheny Co., Oct. T., 1912, No. 500, on bill in equity in case of F. Norman Black v. School District, Duquesne Borough and M. G. Conlin. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction, and to compel the delivery of tax duplicates.

SHAFER, J., and CARNAHAN, J., filed the following opinion:

The bill is by a tax collector of a borough against the

school board and one M. G. Conlin, to enjoin them from delivering the tax duplicate for the present year to Conlin, or any other person appointed by the board, and to require them to deliver it to the plaintiff.

### FINDINGS OF FACT.

First.   The plaintiff was, in February, 1909, duly elected to the office of collector of taxes in the Borough of Duquesne for a term of three years, which term has been extended to the first Monday of January, 1914, by recent amendments to the Constitution, and acts of assembly made to carry them into effect.

Second.   The plaintiff assumed the duties of his office and has exercised the same from the time of his election to the present time.

Third.   At some time which does not appear in the pleadings, but was apparently after June 1st, 1912, the school board of the school district of the Borough of Duquesne elected or appointed M. G. Conlin, one of the defendants, collector of school taxes, and propose to deliver the tax duplicate for the year 1912 to him and not to the plaintiff, the plaintiff having demanded the same and having been refused by the board.

Fourth.   The plaintiff did not fully account for and pay over to the treasurer of the school district of the Borough of Duquesne the total amount of school tax appearing on the tax duplicate furnished him for the year 1911, less exonerations and unpaid taxes assessed on real estate where there is no personal property.   It does not appear whether there was any demand at any time for exoneration, or what passed between the school board and the collector in regard to the matter.

Fifth.   The bill and answer do not disclose to what class the defendant school district belongs, but the court must take judicial notice that it is not a district of the first class.

CONCLUSIONS OF LAW.

First. A bill in equity is undoubtedly not the proper, remedy in the present case, but as the defendant school board has made no objection to the jurisdiction, and the defendant M. G. Conlin has waived the objection, and for the further reason that there is necessity for haste in determining the matter in order that the tax payers may be enabled to pay their taxes without becoming delinquent, we have thought it proper to dispose of the case upon its merits without regard to the form.

Second. The claim of the school board to be authorized to appoint a collector of school taxes in place of the plaintiff was founded upon the provisions of Section 560 of the School Code, which provides that no tax collector "shall be reappointed or be authorized to collect any school taxes in any school district unless he shall first have settled his duplicate in full for the preceding year," as provided in Section 559, together with Section 547, which provides that "where a tax collector is not elected, or where there is a vacancy, or where the tax collector elected refuses to qualify" the school board shall annually on or before the first day of June appoint a tax collector. The claim of the defendant, therefore, briefly is that Section 560 forbids the giving of a warrant to collect school taxes to the plaintiff, that therefore there is a vacancy in the office of school tax collector and that thereby the board is authorized to appoint. We cannot agree with this contention.

The act contains no general provision for the election of tax collectors, but it is evidently intended to leave undisturbed the method of appointing tax collectors theretofore in use. Section 546 requires the board to furnish its duplicate "to the tax collector in each district." It also provides that where the collector of school taxes is also the collector of county taxes the tax may be added to the county duplicate in a certain way; and Section 547 which authorizes an appointment by the board

"where a tax collector is not elected to collect school taxes," plainly indicates the intention to preserve the former method of collecting the school taxes except in the particulars pointed out in the act. A special section of the act is devoted to the subject of appointment of tax collectors by the board, and if it were the intention of the legislature to direct that any elected tax collector who did not settle his duplicate by the first of June should be considered to be out of office and a successor appointed for him, this section would have been the appropriate place to insert such a provision. To make such an appointment under the name of filling a vacancy, as the defendants claim was done, would seem to us to be a very unusual use of words. It seems to us that the words of Section 560 are given their full meaning if they are made to apply only to the cases where the board is authorized by the act to appoint, in which case they are directed not to re-appoint one who has not settled his duplicate in a certain manner, or give him authority to collect taxes. Where a tax collector is elected by the people for a term of years he does not derive his authority, to collect school taxes, from the board but from his election and from the provisions of the present act which direct that he shall collect the school taxes.

Third. This interpretation of the act will give effect to all its parts without requiring a forced construction to be put upon the word "vacancy" in Section 547, or conferring upon the school board by inference and indirection, power to remove officials elected by the people and to appoint in their place tax collectors in every district of the Commonwealth where they claim that a tax collector has not properly settled his duplicate on or before the first day of June, and this under an act that provides that in case of a vacancy they are to elect on or before the first day of June. It will also prevent the confusion and litigation which is sure to arise from the application of the act if interpreted as the defendants claim it is to be. According to that interpretation the

question of whether there is a vacancy in the office of collector of school taxes will depend in every district upon matters which are difficult to ascertain, and would depend upon mixed questions of law and fact. Where it is claimed that the tax collector has not paid over his duplicate, less exonerations and real estate taxes where there was no personal property on the premises, questions are sure to arise as to whether the tax collector or the school board itself was in fault, as to whether the amount of taxes tendered by the tax collector to the board was sufficient, as to the fact whether taxes on real estate which are excepted out of the payments required were within the description in the act, and great uncertainty will result every year as to who is the lawful tax collector. This result may not only be inferred from the nature of the case, but is further indicated by the fact that although the act has only been in operation one year numerous cases of this kind have arisen, counsel in this case having cited to us three cases in other counties in which the matter has been disposed of on circumstances of that kind, and we have now before us in this county two cases in large school districts. We are clearly of opinion that if the act can be given a fair interpretation which will avoid these difficulties and complications, such interpretation ought to be given to it.

Fourth. Being of opinion therefore, that the act does not authorize the appointment of a tax collector by the board in the present case, it is ordered that an injunction issue against the defendant school district, restraining them from delivering the warrant for the collection of the taxes to the defendant M. G. Conlin, and requiring them to deliver such warrant to the plaintiff, if there is no other reason why such warrant should not be delivered to him; and that the defendants pay the costs.

*Error assigned* was the decree of the court entered in accordance with the opinion.

*Saul Schein,* with him *William M. Ewing* and *S. S. Robertson,* for appellants.—The legislature has a perfect right to abolish the office of collector of school taxes, abridge or extend the term, prescribe new duties, eliminate former requirements and in fact make such changes in such office as in its wisdom may seem necessary and proper; provided same do not contravene any provision of the Constitution: Com. v. Moir, 199 Pa. 534.

*W. J. Brennen,* with him *M. M. Edmundson,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 6, 1913:

No objection having been made to the jurisdiction, and the question of remedy not having been raised, the learned court below considered the case on its merits in order that a matter of public importance and pressing necessity should be speedily adjudicated. It being the evident intention of the parties to have the law settled, rather than to insist upon technical pleadings, we have concluded to accept this view of the record for the purpose of making a final disposition of the questions of law raised by this appeal. The decisive question involved in this controversy is whether school taxes of the appellant borough shall be collected by the tax collector elected by the people under the Act of June 25, 1885, P. L. 187, or by a collector appointed by the board of school directors under the Act of May 18, 1911, P. L. 309, known as the School Code. Prior to the Act of 1911 school taxes in boroughs and townships were collected by tax collectors elected under the Act of 1885, which act in some particulars was amended by subsequent statutes. This law was in effect in the boroughs and townships of the Commonwealth at the time of the approval of the School Code. It therefore follows that unless the Act of 1885, in so far as it relates to the collection of school taxes, was repealed by the School Code it still remains the law. There is no express repeal, nor

in our opinion is there a repeal by implication. The School Code contains no general provisions for the election of tax collectors, and after an examination of all the sections relating to this subject, we agree with the learned court below, that the evident intention of the legislature was to leave undisturbed the method of collecting taxes in force at the time of its adoption. This view is sustained by the plain language of the different sections of the Act of 1911 which relate to the collection of school taxes and the appointment of collectors. Beginning with Section 547, we find the provision that, "where a tax collector is not elected to collect school taxes, or where there is a vacancy, or where any tax collector refuses to qualify or furnish a bond as herein provided," the board of school directors in school districts of the second, third and fourth class, "shall annually, on or before the first day of June in each year, appoint one or more suitable persons as tax collectors in said school district." The most cursory examination of this section shows that the authority of a board of school directors to appoint a tax collector is limited to the contingencies named in the act. If a tax collector has not been elected, or if when elected he refuses to qualify, or to furnish a bond, or if for any proper reason there is a vacancy, then and in those events the board is given the power of appointment. Nothing of this kind appears in the present case. A tax collector was elected, qualified and offered to furnish a proper bond. He was not only willing to serve but refused to be ousted. There was no vacancy to be filled by appointment. Appellee was elected in February, 1909, for a term of three years, and by recent amendments to the Constitution, and by statutes passed to carry them into effect, his term was extended to 1914. We must therefore conclude that there was no warrant in Section 547 for filling a vacancy in the office of tax collector in the present case. Section 559 requires the tax collector whether appointed or elected, to proceed with the collection of taxes set forth

in the duplicate forwarded him and pay the same to the treasurer monthly. He is also required to account for and pay over the total amount of the tax duplicate, less exonerations and certain unpaid taxes on real estate upon which there is no personal property, on or before the first day of June in each year. But this provision applies to tax collectors elected as well as to those appointed, and clearly indicates that the legislature had in contemplation both appointive and elective tax collectors. While the act makes it the duty of all tax collectors, elective and appointive, to collect, account for and pay over the amount of their duplicates, less proper exonerations, on or before the first of June each year, failure by a collector to do so is not declared to be a forfeiture of his office for the unexpired term, nor is the power to declare a vacancy in an elective office for this reason conferred upon the school board. When there is a vacancy the board can appoint, but a vacancy cannot be created for the very purpose of making an appointment. Unless the tax collector elected by the people refuses to qualify and to furnish a proper bond, the school board must recognize his authority to collect the tax duplicate. Then follows Section 560, in which it is provided that, "no tax collector shall be reappointed, or be authorized to collect any school taxes in any school year, unless he shall first have settled his duplicate in full with the board of school directors for the preceding year......." Certainly the prohibition against re-appointment by the board of school directors has no reference to tax collectors elected by the people and who derive their authority under the Act of 1885. The word "reappointed" implies an appointment in the first instance and necessarily refers to tax collectors selected by appointment. The only doubt that can arise as to the meaning of Section 560 grows out of the phrase, "or be authorized to collect any school taxes in any school year." It is strongly urged that this provision applies to elected as well as to appointed tax collectors. There

may be room for difference of opinion as to the meaning of the provision in question, but keeping in mind all of the sections, and the evident intention of the legislature not to disturb the method of collecting taxes under the Act of 1885, our conclusion is that the learned court below properly interpreted this particular language. In disposing of this question the court said: "Where a tax collector is elected by the people for a term of years he does not derive his authority to collect school taxes from the board but from his election and from the provisions of the present act which direct that he shall collect school taxes." We fully concur in the view expressed by the court below that the School Code was not intended to disturb the election of tax collectors and the collection of school taxes as provided in the Act of 1885. It has been the declared statutory policy of the law for more than a quarter of a century that school, borough, township and other local taxes shall be collected by a single tax collector elected by the people of the local districts, and if it be the intention of the legislature to change this policy by substituting collectors to be appointed for the collection of school taxes, it is not too much to require that it shall be done by language so plain as to leave no doubt about its meaning. In this view of the case the other questions considered become immaterial and need no discussion. The learned court below discussed all the questions in an able and convincing manner, and the whole case might very well be rested on the opinion which we are now called upon to review. We can add but little if anything of value to the discussion, but have deemed it proper to thus express our views in order that a question of such public importance, and affecting school districts in all the boroughs and townships of the Commonwealth, may be considered as finally settled under existing legislation.

Decree affirmed at cost of appellants.