## Commonwealth, ex rel., v. Tobin, Appellant.

*Public officer—Tax collectors—City treasurers—Cities of the
third class—Collection of school taxes—Acts of June 20, 1901, P. L.
578, and May 18, 1911, P. L. 309.*

The School Code of May 18, 1911, P. L. 309, does not repeal the
Act of June 20, 1901, P. L. 578, which authorizes treasurers of
cities of the third class to collect the school taxes.

Argued November 5, 1912. Appeal, No. 226, Oct. T.,
1912, by defendant, from order of C. P. Allegheny Co.,
Oct. T., 1912, No. 1503, sustaining demurrer to answer
to petition for quo warranto in case of Commonwealth,
ex rel. James A. Fulton v. Daniel S. Tobin. Before
FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCH-
ZISKER, JJ. Affirmed.

Petition for quo warranto.

SHAFER, J., and CARNAHAN, J., filed the following
opinion:

A writ of quo warranto was issued requiring the de-
fendant to show by what authority he claims to be col-
lector of the school taxes of the school district of the
City of McKeesport, to which the defendant has filed
an answer, and the answer is now demurred to by the
plaintiff. From the pleadings it appears that James A.
Fulton, the relator, was elected treasurer of the City of
McKeesport, a city of the third class, in February, 1909,
the term of his office being extended, by the amend-
ments to the Constitution and the legislation to carry
them into effect, to January 1, 1914; and that from
his election to the present time he has been in posses-
sion of the office and collected school taxes of the school
district of the City of McKeesport. The relator further
alleges that under the Act of June 20, 1901, P. L. 578,
he is by virtue of his office collector of school taxes, and
that by the provisions of the School Code of 1911 he

is the proper officer to collect school taxes in the school district of the City of McKeesport. He further avers that on February 15, 1912, the school board of the school district of McKeesport undertook to elect the defendant, Daniel S. Tobin, as collector of school taxes; and that the defendant has undertaken and is performing duties of collector for the district, to the injury of the relator and without authority of law. The answer of the defendant is substantially to the effect that the relator is not collector of school taxes for the school district, and that he himself is entitled to that office.

The right of the relator to collect school taxes in the school district of the City of McKeesport depends upon the provisions of the School Code of 1911 with regard to the collection of school taxes. Section 546 of this act directs the school directors of school districts of the second, third and fourth classes to make a tax duplicate, "a certified copy of which shall be furnished to the tax collector in each district," and the next section provides that where a tax collector is not elected to collect school tax, or where there is a vacancy, or a tax collector who is elected refuses to qualify, the board shall appoint one or more suitable persons. The act makes no other provision for the appointment of a school tax collector, and it must, therefore, mean that, excepting the cases last mentioned, the general tax collector of the district shall collect the school tax. If, therefore, the relator is a tax collector elected to collect school taxes there is nothing in the pleadings to show why he should not collect these taxes. It is claimed by the defendants that the relator does not come within that description of tax collector, as he is elected to be city treasurer, and collects city, school and poor taxes by virtue of his office as such city treasurer, as provided by the Act of June 20, 1901, Section 1. It seems to us that it cannot be properly said that the relator was not elected to collect school taxes because the act of assembly which imposes duties upon him, instead of

saying that he shall collect taxes, says that by virtue of his office he shall be tax collector. The collection of taxes is as much a part of his official duty as any other, and he is elected to perform that duty.

It is further claimed, however, that the city treasurer is not elected or empowered to collect school taxes generally, but that his power is limited by Section 8 of the Act of 1901 to the collection of school taxes levied by the boards of school controllers, organized under the Act of May 23, 1874, P. L. 230, 254, and its supplements, and as the taxes now to be collected are not levied under that act the collector would not be empowered to collect them. The answer to this suggestion seems to us to be that it is not a question by what act the particular taxes the collector was empowered to collect were assessed, but whether the relator is a person elected to collect school taxes. As the act provides for an appointment where a tax collector was not elected to collect school taxes, and in other sections provides for the giving of a duplicate to the tax collector, it is to be assumed that the intention of the act was to preserve in office all tax collectors who were elected to collect school taxes, and it can make no difference under what act the taxes to be collected by him were assessed. He is still fairly described by the designation of tax collector elected to collect school taxes.

As to the suggestion in the answer that the relator did not settle his duplicate on or before the first day of June, and has, therefore, ceased to be collector of taxes, we are of opinion that the position is not well taken, for the reasons assigned in the opinion filed herewith in the case of Black v. School District of Duquesne.

The demurrer is, therefore, sustained, and it is ordered that judgment be entered against the defendant, that he be ousted and altogether excluded from the office of collector of school taxes for the school district of the City of McKeesport; and that the defendant pay the costs.

108  COMMONWEALTH, ex rel., *v.* TOBIN, Appellant.

Assignment of Error—Opinion of the Court.   [239 Pa.
*Error assigned* was the order of the court.

*W. B. Rodgers,* with him *R. F. Graham,* for appellant.

*W. J. Brennen,* for appellee.

*George Hay Kain,* for Board of School Directors of School District of the City of York.

OPINION BY MR. JUSTICE ELKIN, January 6, 1913:

What was said in an opinion just handed down in the case of Black v. Duquesne Borough, 239 Pa. 96, applies with equal force to the main contentions of the parties to this controversy.   The only difference in the two cases is that in the case at bar the tax collector of a city of the third class has raised the question, while in the former case the tax collector elected by the people of the borough asserted his authority to collect school taxes.   In cities of the third class school taxes are collected under the Act of June 20, 1901, P. L. 578, and this point of difference is strongly urged upon us by learned counsel for appellant.   Section 1 of this act provides that city treasurers elected in cities of the third class shall by virtue of their office be collectors of all city, school and poor taxes assessed and levied in the respective cities.   It is provided in section eight of the same act that the school taxes which shall be collected under the provisions of the Act of 1901 are those levied by boards of school controllers under the authority of the Act of May 23, 1874, P. L. 230, and its supplement of June 16, 1891, P. L. 306.   It is, therefore, argued with great force that the relator in the present case is not a collector of all school taxes, but only such as are levied under the two statutes mentioned in section eight, and that these statutes are repealed by the School Code; therefore, he is no longer collector of any school taxes. It must be conceded that the acts in question are sus-

ceptible of such an interpretation, but it does not follow
that this interpretation must or should be adopted.

Prior to the Act of May 18, 1911, P. L. 309, school
taxes were collected in cities of the third class by city
treasurers and unless the School Code has substituted a
different system, the old method is still in force. If the
School Code had not been passed no one would have
questioned the right of the relator to collect all school
taxes in the City of McKeesport, and unless deprived
of his authority by the Act of 1911, he is still collector
of school taxes in that city. Upon this question we quote
with approval what was said by the learned court below,
as follows: "The answer to this suggestion seems to us
to be that it is not a question by what act the particular
taxes the collector was empowered to collect were as-
sessed, but whether the relator is a person elected to
collect school taxes. As the act provides for an appoint-
ment where a tax collector was not elected to collect
school taxes, and in other sections provides for the giv-
ing of a duplicate to the tax collector, it is to be as-
sumed that the intention of the act was to preserve in
office all tax collectors who were elected to collect school
taxes, and it can make no difference under what act the
taxes to be collected by him were assessed. He is still
fairly described by the designation of tax collector
elected to collect school taxes." We cannot
believe it was the intention of the legislature to
leave undisturbed tax collectors elected by the people
in boroughs and townships, and to adopt a different
policy as to the collector of taxes in cities of the third
class. There does not appear to be any reason for re-
quiring tax collectors to be elected by the people in bor-
oughs and townships, and to be appointed by school
boards in cities of the third class, and there is nothing
in the plain language of the Act of 1911 to indicate that
it was the intention of the legislature to make any such
distinction. When all of the acts relating to this sub-
ject, including the provisions of the School Code, are

considered together, it seems perfectly clear that the legislature in 1911 intended to preserve in office tax collectors elected by the people in school districts of the second, third and fourth class, and when so viewed, the authority of the relator to collect school taxes during the balance of his unexpired term remains undisturbed. The whole question has been so fully considered by the learned court below that we deem it unnecessary to elaborate the discussion here.

Judgment affirmed.