## Commonwealth, ex rel., v. Dusman, Appellant.

*School law—Act of May 18, 1911, P. L. 309—School districts of the second class—Tax collectors—Cities of the third class—City treasurer—Act of June 20, 1901, P. L. 578—Constitutional law—Local and special legislation.*

A city treasurer of a city of the third class, who by virtue of his office is collector of city, school and poor taxes, under the provisions of the Act of June 20, 1901, P. L. 578, is entitled to collect school taxes in a school district of the second class, coincident with such city, notwithstanding he was elected after the approval of the Act of May 18, 1911, P. L. 309, providing for the appointment of school tax collectors in certain cases. The fact that in some school districts of the second class the school board may appoint the tax collector, while in others they may not, is not sufficient to condemn the Acts of May 18, 1911, P. L. 309, and June 20, 1901, P. L. 578, as unconstitutional.

Argued March 28, 1913. Appeal, No. 85, Jan. T., 1913, by defendant, from judgment of ouster of C. P. York Co., Oct. T., 1912, No. 10, in case of Commonwealth of Pennsylvania ex relatione J. William Jones v. Harry E. Dusman. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Quo warranto proceeding to determine the right to the office of tax collector of the School District of York.

Before ROSS, J.

From the record it appeared that the City of York is a city of the third class incorporated in 1887, and a school district of the second class created by the School Code (Act of May 18, 1911, P. L. 309), which provides in section 547 that "The board of school directors in

each school district of the second......class......, where a tax collector is not elected to collect school taxes......, shall, annually,......appoint one or more suitable persons as tax collectors in said school district." Section 1 of the Act of June 20, 1901, P. L. 578, provides "that the several city treasurers, hereafter elected in cities of the third class in this Commonwealth, by virtue of their office shall be the collectors of all the city, school and poor taxes, assessed or levied in their respective cities." On November 7, 1911, a new school board was elected under the code in the City of York, and at the same time J. William Jones was elected city treasurer. The school board and the new treasurer entered upon the duties of their respective offices on the first Monday of December, 1911. On May 9, 1912, the school board appointed Harry C. Dusman tax collector of the school district in question. On May 31, 1912, Jones made a demand on the school board stating that he claimed the right to collect the school taxes in the school district of York by virtue of his office of city treasurer. On July 1, 1912, notwithstanding the demand of the city treasurer, a duplicate warrant for the 1912 taxes was issued to Dusman, since which date he has exercised the duties of tax collector for the school district. On September 3, 1912, upon petition of Jones a rule was granted against Dusman to show cause why a writ of quo warranto should not issue; this action was regularly proceeded with so that on February 24, 1913, the court below entered judgment of ouster against the defendant and he has appealed.

*Error assigned* was the entry of judgment of ouster.

*George Hay Kain,* with him *Richard E. Cochran* and *Smyser Williams,* for appellant.

*J. S. Black,* with him *Jas. G. Glessner* and *V. K. Keesey,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, April 21, 1913:

The appellant states the question involved to be: "Is the city treasurer of a city of the third class, elected after May 18, 1911, entitled, by virtue of his office, under Act of June 20, 1901, P. L. 578, to collect school taxes in the school district of said city, being a school district of the second class under the School Code approved May 18, 1911, P. L. 309?"

In Black v. Duquesne Boro. School District, 239 Pa. 96, 102, we but recently said: "The School Code contains no general provisions for the election of tax collectors, and......the evident intention of the legislature was to leave undisturbed the method of collecting taxes in force at the time of its adoption.......It has been the declared statutory policy of the law for more than a quarter of a century that school........and other local taxes shall be collected by a single tax collector elected by the people of the local districts, and if it be the intention of the legislature to change this policy by substituting collectors to be appointed for the collection of school taxes, it is not too much to require that it be done by language so plain as to leave no doubt about its meaning." In Commonwealth v. Tobin, 239 Pa. 105, we stated that what was said in the case just cited applied as well to the facts then before us. There, as in the present instance, the controversy was over the office of tax collector in a city of the third and a school district of the second class, and we said: "Section 1 of this Act (1901) provides that city treasurers elected in cities of the third class shall by virtue of their offices be collectors of all city, school and poor taxes assessed and levied in the respective cities. It is provided in Section 8 of the same Act that the school taxes which shall be collected under the provisions of the Act of 1901 are those levied......under the Act of May 23, 1874, P. L. 230, and its supplement of June 16, 1891, P. L. 306. It is therefore argued that the relator in the present case is not a collector of schools taxes, but only such as are

levied under the two statutes mentioned in Section 8, and that these statutes are repealed by the school code; therefore he is no longer collector of any school taxes ......" This same contention is made in the case at bar, the only difference on the facts being that in the other case the city treasurer was in office at the time the code went into effect while in the present instance he was elected after that date; but under the comprehensive construction which we have placed upon the Acts of 1901 and 1911, supra, in the Black and Tobin cases, this difference in the facts can have no control. In those cases, while conceding the force of the appellant's argument, we ruled in effect that the first section of the Act of 1901 stood unrepealed and that it applied in all school districts composed of cities of the third class, if not regulated otherwise by existing local statutes. It is not necessary here to determine how far other provisions of the Act of 1901 have been repealed or affected by the enactment of the School Code.

The fact that the provision in the Act of 1901 that city treasurers shall be ex-officio collectors of school taxes cannot have general application, because all school districts of the second class are not constituted by cities of the third class, and that as a consequence in some school districts of the second class the school board may appoint the tax collector while in others they may not, is not sufficient to condemn the legislation as unconstitutional. In a broad sense the school system is a State institution, and it is "perfectly competent for the legislature to provide for the appointment of one set of agents to attend to the......collection of this tax in one part of the State and another set of agents to attend to it in another part": Knisely v. Cotterel, 196 Pa. 614, 634; Minsinger v. Rau, 236 Pa. 327. As expressly admitted in the paper-book of the appellant, under the School Code the city treasurer has nothing to do "with schools as such"; he is merely an agent to collect school taxes, and the manner of his ap-

pointment is a matter of detail which will not disturb the generality of the law": Knisely v. Cotterel, 196 Pa. 614, 632; Kucker v. Sunlight Oil & Gasoline Co., 230 Pa. 528, 535.

In disposing of this case we have not overlooked the construction placed upon the Act of 1901 in the opinion of the court below in Copelin v. Harrisburg School Directors, 215 Pa. 359, affirmed per curiam by this court; but anything therein contained inconsistent with the views expressed in our recent cases, decided since the enactment of the School Code, must be taken as overruled.

The question involved is answered in the affirmative; the assignment of error is overruled and the judgment is affirmed.