# Copelin, Appellant, *v.* Harrisburg Board of School Directors.

*School law—School code—Act of May 18, 1911, P. L. 309—Collector of school taxes—Cities of the third class—City treasurer—Act of June 20, 1901, Section 8, P. L. 578—Construction.*

1. The School Code of May 18, 1911, P. L. 309, does not provide for the election of collectors of school taxes; it was the plain in-

tention of the legislature to leave undisturbed former acts which provided for the election of tax collectors by the people.

2. The Act of June 20, 1901, P. L. 578, providing that the city treasurer in cities of the third class, by virtue of his office shall be collector of the school taxes therefor, is of general application and was intended to provide a uniform system for the collection of such taxes in cities of the third class.

3. Section 8, of such act, declaring that the school taxes to be collected under the act are the school taxes only which are levied by the boards of school controllers, organized under the Act of May 23, 1874, P. L. 230, was intended to place limitations upon the operation of the act merely for the purpose of meeting certain local conditions growing out of then existing legislation not general in character.

4. By the Act of May 18, 1911, P. L. 309, the legislation which resulted in such conditions was repealed, and a new and complete system for the regulation and maintenance of the public schools was provided, so that section 8 of the Act of 1901, is no longer of any binding effect.

5. Where prior to the passage of the Act of May 18, 1911, P. L. 309, it had been adjudged that section 8 of the Act of June 20, 1901, excluded from the operation of the other sections of the act a school district comprising a city of the third class, organized prior to the Act of May 23, 1874, P. L. 230, so that the city treasurer of such city was not entitled to collect the school taxes for such school district, the court erred, subsequent to the enactment of the school code, in failing to recognize that the conditions intended to be met by section 8 of the Act of June 20, 1901, no longer existed, and in mandamus proceedings instituted by the city treasurer of a city of the third class to compel the board of directors of the school district to turn over to him the duplicates of tax bills for school purposes, and warrants authorizing him to collect such taxes, judgment should have been given for the plaintiff.

Copelin v. School Directors, 215 Pa. 359, distinguished and explained.

Argued May 28, 1913. Appeal, No. 34, May T., 1913, by plaintiff, from judgment of C. P. Dauphin Co., June T., 1913, No. 412, refusing mandamus in case of Owen M. Copelin v. The Board of School Directors of the School District of the City of Harrisburg. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Petition for mandamus.   Before KUNKEL, P. J., and McCARRELL, J.

From the record it appeared that the City of Harrisburg is a city of the third class and constitutes a school district.

The school district was created by and under the general school laws of Pennsylvania and the local Act of April 22, 1868, P. L. 1136, and was governed and operated thereunder until May 27, 1884, when, in conformity to section 41 of the Act of May 23, 1874, P. L. 230, 256, the school district accepted the 42d and 43d sections of said act.   Since then, until the approval of the act commonly known as the "School Code," the school district was operated and governed by the laws aforesaid, as modified by the 42d and 43d sections of the Act of May 23, 1874.   Since May 18, 1911, the date of the passage of the School Code, the school district had been governed under the code; it was a school district of the second class.

Owen M. Copelin, the plaintiff, is the city treasurer of Harrisburg, having been elected in November, 1911.

On April 18, 1913, Mr. Copelin made formal demand upon the board of school directors that they make out and deliver to him the duplicate of taxes assessed for school purposes and accompany the same with a proper warrant for the year 1913, authorizing him to collect said taxes; and at the same time he requested the said school directors to fix the amount of bond to be by him given as such collector of school taxes, and proposed, when the amount of said bond had been fixed, to tender to said board for official approval a bond with sufficient surety or sureties, and otherwise qualify himself as provided by law; which demand said board of school directors refused to comply with and elected another person to serve as school tax collector.

The plaintiff, averring that by reason of the failure of the board to comply with his request, he would be unable to perform his duties as collector of said school taxes

and would be without proper and legal authority to enforce the collection of said taxes as directed by law, petitioned the court below for a peremptory mandamus directed to the said board of school directors, to compel them to deliver to him the duplicate of school taxes, with a warrant for the collection of the same, properly executed, and to compel them to fix the amount of the bond to be given by him as collector of school taxes. Upon this petition an alternative writ of mandamus was awarded. The return, in effect, set up that by reason of the provisions of the 8th section, and other and further provisions contained in the Act of June 20, 1901, and the School Code, the said appellant was without any legal right or claim to exercise the office of collector of school taxes within the said school district.

The plaintiff demurred to the return, and the court overruled the demurrer and vacated the writ. Plaintiff appealed.

*Error assigned* was in overruling the demurrer, and vacating the writ.

*C. H. Bergner,* with him *Daniel S. Seitz,* for appellant.

*M. W. Jacobs,* for appellees.

OPINION BY MR. JUSTICE ELKIN, June 27, 1913:

The learned court below decided this case on the authority of Copelin v. School Directors, 215 Pa. 359, and under the circumstances we can understand why it felt constrained to do so. Both cases were between the same parties and involved the same subject matter. The error, if it can be so regarded, was in adhering too closely to the line of reasoning upon which the former decision was based without giving due consideration to the changed conditions. When the case was here before it was regarded as a very close one, and it was affirmed, because, under the legislation then existing, it was

thought that the school district in question was excepted from the general provisions of the Act of June 20, 1901, P. L. 578. At that time the school district of the City of Harrisburg was subject to the Acts of May 8, 1854, P. L. 617, and April 22, 1868, P. L. 1136, and, sections 42 and 43 of the Act of May 23, 1874, P. L. 230. In accepting the provisions of the Act of 1874 the school district indicated its desire not to be bound by section 41 of that act. In the construction of these various statutes, and the effect to be given section 8 of the Act of 1901, it was concluded that as the law then stood a distinction should be made between districts acting under section 41 and those acting under sections 42 and 43 of the Act of 1874. The distinction was made to depend upon a rather technical interpretation of what was meant by the organization of the school board under the statutes then in force. It is not our intention now to question the correctness of that decision, and we have no desire to do so, but the most cursory examination of the very able opinion of the learned judge who wrote it, will show that it depended entirely upon an exceptional situation resulting from various provisions of the old law as it then stood. The case could not have been decided as it was except for the peculiar facts and circumstances made possible under legislation then existing. If the School Code had been in force at that time, and the Acts of 1854, 1868, together with the sections of the Act of 1874 relating to schools, had then been repealed, the case could not have been decided as it was. This is but another way of saying that section 8 of the Act of 1901 was construed to be a limitation upon existing conditions under the old law. We did not mean to say that a limitation intended to apply only to conditions as they then existed should continue indefinitely in the future, even after the repeal of the acts upon which the limitation was based. To so hold would in our opinion do violence to the plain intention of the legislature as manifested in section 8 of the Act of 1901. This act is gen-

eral in its application and relates to the collection of city, school and poor taxes. It was intended to make a uniform system for the collection of all such taxes in cities of the third class. It is true that section 8 placed a limitation upon the act, but it is plain that this limitation was only made to cover some local conditions growing out of existing legislation, and when these conditions were removed, there was no reason for the limitation. When the reason ceases there is no necessity for the rule. At the present time the reason has ceased and therefore the rule should not apply. The Act of 1911 has provided a new and complete system for the regulation and maintenance of our system of public schools. It has expressly repealed all former laws directly relating to the control and government of these schools. It in effect wiped out all distinctions based upon former legislation. It took the disjointed parts of the old law and welded them into a harmonious whole. The new system was intended to be of general application throughout the Commonwealth, and it would seem to be the duty of the courts to so construe the act as to give it the effect the legislature intended. School boards are now organized under the School Code so that it would be a vain thing to attempt to read into the new law distinctions which might be made, or which were made, under the old law. We therefore agree with the contention of learned counsel for appellant that section 8 of the Act of 1901 has no binding effect because the conditions to which it was intended to apply no longer exist. In express language the third section of the Act of 1901 applies to school taxes levied by school authorities, even if the authority levying the tax depends upon the action of a school board created under a law subsequently passed. It therefore follows that taxes levied by a school board organized under the Act of 1911 are to be collected as provided by the Act of 1901 in districts comprising cities of the third class. The school code did not provide for the election of collectors of school taxes,

and as we have recently decided, it was the plain intention of the legislature to leave undisturbed former acts which provided for the election of tax collectors by the people. As to townships and boroughs this was decided in Black v. Duquesne Borough School Dist., 239 Pa. 96; as to a city treasurer elected prior to the adoption of the School Code, by Com. v. Tobin, 239 Pa. 105; and as to a city treasurer elected after the adoption of the School Code, by Com. v. Dusman, 240 Pa. 464. In principle these cases rule the one at bar.

Our conclusion is that the appellant, city treasurer, is the proper officer to collect school taxes levied by the school board of the district of the City of Harrisburg under the Act of 1911. It is but fair to say that the learned court below no doubt felt bound by the former case decided seven years ago, and under the circumstances this position cannot be fairly criticised. But as we have hereinbefore indicated, the situation is entirely changed, and this fact was not given due consideration. To our mind it is controlling and makes it necessary to reverse the judgment.

Judgment reversed, demurrer sustained, alternative writ of mandamus reinstated and record remitted with leave to appellant to ask for a peremptory mandamus if necessary.