# The Commonwealth *versus* Toms *et al.*

*Official bond of register of wills, what covered by condition of.*

The sureties in a bond given by a register, under the Act of 15th March 1832, for the faithful execution of his duties and the payment of all moneys received for the use of the Commonwealth, are not responsible for collateral inheritance taxes, collected but not paid over by him.

ERROR to the Common Pleas of *Dauphin county.*

This was an action of debt, by the Commonwealth against George W. Toms, George Wiles, and Daniel Logan, on the official bond of George W. Toms, as register of Franklin county, in which the following case was stated for the opinion of the court :—

It is admitted that George W. Toms was the register of Franklin county from the 1st of December 1857, to the 1st of December 1860. That he filed an official bond, as required by the Act of 1832 (which is made part of this case stated), and that Daniel Logan and George Wiles are his sureties. It is further admitted that George W. Toms never filed a collateral inheritance taxbond, as required by the Act of the 22d of March 1841. It is also admitted that at the date of the last settlement of said Toms with the Commonwealth, there was a balance due the Common-

[*Commonwealth v. Toms et al.*]

wealth of $1033.06, of which amount $944.41 is due on collateral inheritance tax, and $88.65 due on writs.

If the court shall be of opinion that the sureties in the bond filed are not liable for the defalcation of their principal as to collateral inheritance tax, then judgment to be entered for the Commonwealth for $88.65, the amount admitted to be due on writs; if otherwise, that the bond does cover the collateral inheritance tax, then judgment for $1033.06, with interest on either sum from April 9th 1861.

The court below (PEARSON, J.) gave judgment for the plaintiff for $88.65, with interest, being the amount due on writs only, which was the error assigned by the counsel for the commonwealth.

*William M. Meredith*, Attorney-General, for plaintiff in error.

*William H. Miller* and *J. McD. Sharpe*, for defendants in error.

The opinion of the court was delivered, July 1st 1863, by

LOWRIE, C. J.—Under the general law of his office, the register of wills gives a bond with sureties for the faithful execution of his duties, and for the payment of all moneys received by him for the use of the Commonwealth; and this would seem, at the first glance, to include his duties and receipts, under the Collateral Inheritance Tax Laws, passed since the bond was provided for, especially when, as here, the bond was given since those tax laws were passed.

But when we turn to the Act of 22d March 1841, P. L. 99, imposing the collection of the collateral inheritance taxes on the register, we find that the legislature did not rely on the general official bond of the register as a security for the performance of this new duty, but required a special bond for this purpose, and provided a mode to enforce the giving of it. It seems to us very plain, therefore, that the general bond is not intended to secure either payment of these collections or the giving of the special bond to secure them.

Possibly the act intended these special bonds to be given only by registers then in office, and to leave the same duties of future registers to be secured by the general official bond; but this is not clear, and such has not been the practice under the law, and therefore it would seem to be not now allowable.

Section 3 substitutes the register for the treasurer in collecting these taxes; section 4 provides for the special bond for securing the state, and section 5 provides that, until this bond is given, the tax "shall be collected by the county treasurer, as heretofore." There is nothing to indicate that this last section is a less permanent provision than the other, and it is unfortunate that

[*Commonwealth v.* Toms *et al.*]

it is left out of our digests. According to it, it is not a duty of the register to collect these taxes until he has filed the special bond required by the act, and therefore his sureties in his official bond are not liable for such collections made by him, though of course he is himself liable.

It is rather surprising that a law so badly matured as this is, should have stood so long without amendment. It stands in great need of it.

　　　　　　　　　　　　　　　　　　　Judgment affirmed.