The Commonwealth of Pennsylvania ex rel. the Borough of Mechanicsburg *v.* J. L. Knettle, W. H. Coover, H. J. Miller, J. G. Coover, David Ober, J. C. Miller and S. F. Miller, the last four of whom are the appellants.

*Principal and surety—Discharge of surety—Tax collector's bond.*

If a borough tax collector applies the money received on the duplicate of one year in satisfaction of a balance due from him on the duplicate of the preceding year, without the knowledge of the borough that the money had been collected on the duplicate of the second year, he makes a clear misappropriation of the money collected, and his sureties on the bond given in the second year are not released from liability for the money so applied.

Argued April 26, 1897. Appeal, No. 565, Jan. T., 1896, by defendants, J. G. Coover, David Ober, J. C. Miller and S. F. Miller, from judgment of C. P. Cumberland Co., on verdict for plaintiff. Before Sterrett, C. J., Green, Williams, McCollum and Mitchell, JJ. Affirmed.

Assumpsit on a tax collector's bond.

At the trial the jury rendered the following special verdict:

We find that Joseph L. Knettle was duly elected collector of taxes in and for the borough of Mechanicsburg in February, 1893; also in February, 1894, and had in his hands for collection at the same time the duplicates for both of those years. The balance due on the duplicate for 1893 was settled and paid in full to the borough treasurer on July 27, 1895. The following persons who were sureties on his 1894 bond were also sureties on the bond which he gave when he received the duplicate for 1893, namely: W. H. Coover, David Ober, J. C. Miller and S. F. Miller. There was another surety on said bond who did not sign the 1894 bond. The sureties upon the last mentioned bond are those who are named with him as defendants in this case. We find that he has in his hands money collected on the duplicate for 1894 amounting to $958.73. Also that out of the money collected on said duplicate he paid the sum of

$2,888.63 to the borough treasurer in settlement of the balance due on the duplicate for 1893.

We therefore render a verdict in favor of the plaintiff for the sum of $3,847.36, subject to the question of law reserved by the court, whether or not, under the above state of facts, the defendants are entitled to a credit of $2,888.63 upon said sum. If the court should determine that the defendants are entitled to the credit aforesaid then the amount of the verdict shall.be reduced accordingly and judgment entered upon it for the sum of $958.73 only.

E. W. BIDDLE, P. J., filed the following opinion upon the question reserved.

Gwynne v. Burnell, decided by the House of Lords and reported in 7 Cl. & Fin. 572, is a leading case upon the legal question which is embodied in the special verdict. The ruling there was, in substance, that the condition of a tax collector's bond for a certain year was broken, and the surety became liable whenever any money received from the taxes of that year was applied in payment of the arrears of a former year. This decision is of the highest authority, for it was adopted only after grave and protracted deliberation, and it represented the opinion of many judges. To the same effect is Inhabitants of Colerain v. Bell, 9 Metc. 499, in which it is held that where the same person is collector of taxes for two consecutive years and pays to the town the arrears of taxes due by him on the tax list of the first year, with the moneys collected on the second year's list—the town officials not knowing whence the money came—the sureties on the second bond, when sued for his default, are not entitled to set off or deduct the amount so paid by him upon the tax list of the previous year. So in Frownfelter v. State, 66 Md. 80, there is a similar determination, the court saying : " If the commissioners or the treasurer knew that the money applied to the taxes due for previous years had been collected on the levy of 1881 certainly they would have had no right to permit such application. But in the absence of any knowledge of the sources from which it was obtained, it is difficult to see how they could have prevented Myers from applying it to his indebtedness for any year which he might name. When the money was in his possession there

was nothing to identify it, or to distinguish it from other funds under his control or rightfully belonging to him. The obligation assumed by his sureties was that he should pay the money in discharge of the tax levied within the time required by law. If he paid it in discharge of previous taxes it was as much a breach of his bond as if he had retained it in his own pocket. We think the law on this point is correctly stated in Inhabitants v. Bell, 9 Metc. 499, and in Gwynne v. Burnell, 7 Cl. & Fin. 572."

The exact point is also ruled in State v. Sooy, 39 N. J. L. 539, where the cases on the subject are reviewed in an elaborate opinion by DEPUE, J., and the doctrine is also recognized and affirmed in Stone v. Seymour, 15 Wend. 20, and in State v. Smith, 26 Mo. 226. These decisions are, in our opinion, absolutely conclusive upon the question at issue, and we find nothing in Com. v. Stambaugh, 164 Pa. 437, to shake their authority in this state. On the contrary, an inspection of that case shows that its determination does not conflict in any respect with the established principle upon which the above cited cases rest.

And now, October 26, 1896, the reserved question of law is resolved in favor of the plaintiff, and it is ordered that judgment be entered on the verdict upon payment of the jury fee.

*Error assigned* was in entering judgment for plaintiff for $3,847.36 instead of $958.73.

*H. H. Mercer* and *F. E. Beltzhoover*, with them *J. N. Young* and *H. S. Stuart*, for appellant.—The law is too well settled to admit of discussion that sureties are favorites of the law. Their contract is said to be strictissimi juris: Lafayette v. James, 92 Ind. 240; Com. v. West, 1 Rawle, 31; 24 Am. & Eng. Ency. of Law, 749; Leggett v. Humphreys, 21 Howard, 66; Field v. Rawlings, 6 Ill. 581; Bank v. Cole, 39 Me. 188; Brooks v. Brooke, 12 Gill & J. 306; Ferrisburgh v. Martin, 14 Atl. Rep. 88.

The obligation of a surety cannot be extended by implication beyond the terms of his contract. He is bound only to the extent, in the manner and under the circumstances pointed out in his obligation: Telegraph Co. v. Lennig, 139 Pa. 602; Com. v. Simonton, 1 Watts, 310; Bank v. Barrington, 2 P. & W.

45; Miller v. Stewart, 9 Wheaton, 680; U. S. v. Boyd, 15 Peters, 187.

The sureties who signed the bond of 1894 had a perfect right to believe that the borough authorities, with a good subsisting bond in their possession providing for the year 1893, would sue upon the bond for any default in that year.

A surety on the official bond of a county treasurer having made good a deficit is entitled to be subrogated to the rights of the county upon the bond: Boltz's Est., 133 Pa. 77.

In an action against the surety of a receiving officer of the government upon his official bond the defendant is entitled to have the moneys received and paid by the officer during the year he was surety appropriated to his relief, although it may appear that the officer was a defaulter for several preceding years: Com. v. Reitzel, 9 W. & S. 109; School District v. Stambaugh, 164 Pa. 437.

The sureties on the bond of a tax collector for his second term are not liable for his delinquencies during his first term: State v. Alsup, 8 West. Repr. 308; Hoboken v. Kamena, 41 N. J. L. 435; Newcomer v. State, 77 Tex. 286; Milford Twp. v. Morris, 59 N. W. Repr. 274; Rochester v. Randall, 105 Mass. 295; Hutchinson v. Woodwell, 107 Pa. 510; Tiers v. Blair, 3 Phila. 451; Hughes v. Ranken, 7 Phila. 175.

Where the law requires the municipal authorities to call upon an officer who has given a bond to account, and by the failure of the authorities to observe the law the sureties are damnified, they are discharged: People v. Berner, 13 Johns. 383.

The case in hand is squarely ruled as contended for by the appellants, and in conformity with the principles settled by our own cases, in the case of Detroit v. Weber, 29 Mich. 24.

Where inquiry becomes a duty, the party who neglects to perform it should be visited with at least constructive notice of the facts that probably would have been brought to light if it had been duly made: Leonard's App., 94 Pa. 176; Hottenstein v. Lerch, 104 Pa. 454; Smith v. Shelden, 35 Mich. 42; Neal v. Buffington, 26 S. E. Repr. 172.

*W. F. Sadler*, with him, *J. L. Shelley* and *J. W. Wetzel*, for appellee.—There was no attempt on the part of the plaintiff in this case to hold the sureties of Knettle for moneys received by

him prior to the year for which they became sureties, as in Rochester v. Randall, 105 Mass. 295, and United States v. Boyd, 15 Peters, 206. Nor for the defaults of subsequent years, as in Kingston Ins. Company v. Clark, 33 Barbour, 196. Nor did the plaintiff insist as in Com. v. Reitzel, 9 W. & S. 109, and in Hoboken v. Kamena, 41 N. J. L. 435, that, where payments had been made generally on an account extending through successive terms of office, they should be applied to previous indebtedness against the protest of the sureties. Nor were any new duties imposed by law or otherwise upon the principal after the execution of the bond, and the contract thus materially changed without the assent of the defendants, as happened in Telegraph Co. v. Lennig, 139 Pa. 602, and in Lafayette v. James, 92 Ind. 240. Neither have the defendants been deprived of any security which might have served them as an indemnity, as was done in Hutchinson v. Woodwell, 107 Pa. 509. Nor is it denied that the contract of suretyship is one of mere benevolence, and must be strictly construed in favor of the surety. It is therefore submitted that the authorities cited on behalf of the appellant are not pertinent.

While strictly analogous cases are not found in the Pennsylvania Reports, such have been decided by the appellate tribunals of other states of the Union, and also in England: Colerain v. Bell, 9 Metcalf, 499; Frownfelter v. State, 66 Md. 80; State v. Sooy, 39 N. J. L. 539; Giltinan v. Strong, 64 Pa. 242; Detroit v. Weber, 29 Mich. 24; Sandwich v. Fish, 2 Gray, 298; Gwynne v. Burnell, 7 Clark & Finnelly, 572; Myers v. State, 4 Cent. Repr. 344; Board of Commissioners v. Willard, 1 L. R. A. 118.

OPINION BY MR. JUSTICE McCOLLUM, July 15, 1897:

This is an action on a collector's bond in which the principal and his sureties are defendants. The appeal from the judgment of the trial court is by the sureties. The principal acquiesces in the judgment, presumably because as collector he is indebted to the borough in the amount thereof. He was duly elected collector of taxes in and for said borough in February, 1893 and in February 1894, and he gave in each year the bond required by law. The bond of 1894 is the bond in suit, and four of the sureties on it were sureties on the bond of 1893.

The sureties on the bond in suit concede their liability for $958.83 of the duplicate of 1894, but deny that they are liable for $2,888.63 of it which their principal paid to the borough treasurer in settlement of the balance due on the duplicate of 1893. There is no direct evidence of notice to the treasurer that the sum thus paid to him was collected on the duplicate of 1894, nor anything on the record which shows that the sureties claimed on the trial that the jury might infer such notice from the circumstances in the case. There is no presumption that the payment in settlement of the duplicate of 1893 was a misappropriation of money collected on the duplicate of 1894.

The misappropriation was not discovered until the settlement of the latter was called for. Besides, there is nothing in the statutes relating to the assessment and collection of taxes which makes it the duty of the treasurer to ascertain how or from what source the money paid to him by the collector was obtained. The duties of the latter are defined by his bond which requires that he " shall well and truly collect and pay over or account for according to law the whole amount of taxes charged and assessed in the duplicates which shall be delivered to him." While he is elected for a term of three years he must " give a bond annually to be approved by the court." The bond of each year is applicable to and security for the taxes of that year. It does not extend to or include the taxes of a preceding or subsequent year. If, therefore, a collector applies the money received on the duplicate of one year in satisfaction of a balance due from him on the duplicate of another year he has not paid over according to law, the money so applied. It follows that the application of the money collected on the duplicate of 1894 to the payment of the balance due on the duplicate of 1893 was a clear misappropriation of the money so collected. It was the act of the collector, and a breach of the bond in suit. It cannot operate as a release of the sureties from liability for the money so appropriated. If the application had been made with the knowledge of the borough that it was a misappropriation of money collected on the duplicate of 1894 there would be substantial ground, we think, for acquitting the sureties of liability on the bond to the amount of the misappropriation. But it has not been shown that the treasurer or borough had such knowledge, and there are no circumstances in the case

which authorize an inference of it.   No act or omission of the borough affecting the transaction complained of, or affording support to the sureties' contention, was shown.   The defense therefore rests exclusively on their principal's breach of the bond, and this certainly is no impairment of their liability upon it.

We think the cases cited by the sureties are not applicable to the facts of the case in hand, and that the latter is clearly within the principle established by the cases referred to in the opinion of the learned court below.

Judgment affirmed.