# Commonwealth ex rel. *v.* Perrego, Appellant.

*Principal and surety—Public officers—Tax collector—Special tax—Special bond.*

1. Where a tax collector is required to perform a duty special in its nature and to give a special bond for its faithful performance no liability attaches therefor to his general bondsmen in the absence of an express declaration in the bond or an express statutory provision to the effect that they shall be so liable.

2. Where the court of quarter sessions makes an order authorizing and directing the supervisors of a township to levy a special tax, and also orders in accordance with the provisions of the Act of May 25, 1878, P. L. 150, and a rule of court, that the tax collector of the township shall enter a special bond conditioned for the faithful collection and paying over of such special tax, and the tax collector of the township without entering a special bond and without the supervisors levying a tax, collects the special tax, and fails to pay it over, the surety on the general bond is not liable for the failure of the collector to account for the proceeds of the special tax which he had collected, in the absence of any agreement or undertaking on the part of such surety as to liability for such loss.

Argued March 2, 1909. Appeal, No. 74, March T., 1909, by defendants, from order of C. P. Luzerne Co., Oct. T., 1908, No. 1,187, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Commonwealth ex rel. Kingston Township v. James D. Perrego and the American Bonding and Trust Company of Baltimore. Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ. Reversed.

Assumpsit on a bond of suretyship.

The averments of the statement of claim and affidavit of defense are set forth in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*G. J. Clark,* for appellant.—The condition of the bond sued upon is that fixed by the Act of June 25, 1885, P. L. 187, providing for the election of tax collectors, and does not extend beyond the statutory requirements. It is strictly a statutory bond, limited to the duties imposed by law upon the collector: Sullivan County v. Middendorf, 7 Pa. Superior Ct. 71; Com. v. Knettle, 182 Pa. 176.

The collection of this special tax was a special privilege to which he had a right only on giving the special bond: Maries County v. Johnson, 55 Mo. 80; Anderson v. Thompson, 73 Ky. 132; Supervisors v. Ehlers, 45 Wis. 281; Com. v. American Bonding & Trust Co., 16 Pa. Superior Ct. 570; Com. v. Reinhart, 15 Pa. C. C. Rep. 487; Com. v. Stambaugh, 164 Pa. 437.

The liability of sureties for the faithful performance of official duties is not generally measured by the law requiring sureties, but by that imposing the duties: Dyer v. Covington Twp., 28 Pa. 186; Com. v. Singer, 31 Pa. Superior Ct. 597; Monroe County v. Eilenberger, 34 Pa. Superior Ct. 22–27.

A principal may be liable beyond the condition of his bond, whilst the surety's liability must ever be measured by the instrument of suretyship: Wylie v. Gallagher, 46 Pa. 205–209.

The surety may defend against tax balances of previous years which were carried forward and form a part of the balance sued for: Com. v. Carson, 26 Pa. Superior Ct. 437; s. c., 28 Pa. Superior Ct. 477; Sullivan County v. Middendorf, 7 Pa. Superior Ct. 71.

*W. Alfred Vallentine,* with him *W. S. Casterlin* and *L. Floyd Hess,* for appellee.—Where an officer or agent executes a bond in general terms for the faithful performance of his duties, it extends to and covers all acts done within the general scope and authority of the officer or agent: Dawson v. State, 38 Ohio, 1;

King v. Nichols, 16 Ohio, 80; Board of Education v. Quick, 99 N. Y. 138; People v. Vilas, 36 N. Y. 459; Bank v. Cresson, 12 S. & R. 306; Castor's App., 2 Penny. 337; Water's App., 10 W. N. C. 146; Sullivan County v. Middendorf, 7 Pa. Superior Ct. 71, 73.

The sureties on a bond of a tax collector are liable for taxes collected by him although the warrant to collect them was never delivered to him: Com. v. Stambaugh, 164 Pa. 437; Harrisburg v. Guiles, 192 Pa. 191–201.

Under the provision of the bond the defendant surety is liable as the collector is liable for all moneys which come into his hands by virtue of his office: Monroe County v. Eilemberger, 34 Pa. Superior Ct. 22; Mayor of New York v. Goldman, 125 N. Y. 395; Swatara Twp. School Dist. App., 1 Pa. Superior Ct. 502; Com. v. Gruver, 13 Pa. Superior Ct. 553; Com. v. Sweigart, 9 Pa. Superior Ct. 455.

OPINION BY HEAD, J., July 14, 1909:

This action is founded on the official bond given by one Perrego to the plaintiff township. Upon this bond the American Bonding Company became surety. The surety alone filed an affidavit of defense. The learned trial court made absolute a rule for judgment for want of a sufficient affidavit, and the surety appeals.

Perrego was duly elected tax collector for Lake township at the spring election of 1900. His term began the first Monday of April that year and continued three years. Under the provisions of the Act of June 25, 1885, P. L. 187, as modified by the later Act of June 6, 1893, P. L. 333, he was required to annually give the bond which, under the terms of the earlier act, would have been given upon his assuming the duties of his office, and would have covered his entire term. The bond in suit was apparently the second of these bonds and was given in the spring of 1901, having been filed on May 17 of that year. It was the only bond given by the collector in that year, and it cannot be. denied that it was the official bond contemplated by the acts referred to. The condition of the bond, following the provision of the act of 1885 on the subject, was that the collector should

"well and truly collect and pay over or account for according to law the whole amount of taxes charged and assessed in the duplicates which shall be delivered to him." It further contained the following: "and faithfully discharge the duties appertaining to the office of collector of taxes according to law."

There is no complaint that the collector made any default in the performance of the ordinary and regular duties of his office, or that he failed to collect and account for any moneys, the right to collect which inured to him solely by virtue of his election to that office. If, therefore, the obligation which the surety undertook to assume related only to the discharge, by the collector, of the duties imposed upon him, flowing directly from his elective office, it would be without liability in this case.

The plaintiff alleges, however, that as early as 1899 there was begun in the court of quarter sessions of Luzerne county, a proceeding to obtain a decree authorizing and directing the supervisors of Lake township to levy a special tax for the purpose of paying certain accumulated indebtedness of the township. We do not think we are required in the present condition of the record to consider the character of the indebtedness for which this special levy was ordered, nor the regularity of the proceedings which led up to the decree. It is sufficient to note that after the entry of several prior decrees—which for one cause or another had to be modified—the court on March 11, 1901, made an order in which the supervisors "were directed to levy and collect by special taxation in the year 1901 a tax of seventeen and one-fifth ($17\frac{1}{5}$) mills on the dollar; etc. . . . And it is further ordered and decreed that the treasurer of said township and borough and the collector of taxes thereof shall each execute and file in the clerk's office a bond in double the amount of the said special tax in each instance, with two or more sufficient sureties to be approved by the court or a judge thereof, conditioned for the faithful collection and paying over of such special tax." From the portions of the record printed in the appellant's paper-book, the accuracy of which is not denied, it would appear that matters remained in statu quo—nothing being done to execute this order—until by a still later and final order of September 26, 1901, the previous order of March 11, as to the levy was so modi-

fied "that a special tax of ten (10) mills be levied this year, 1901, and balance in 1902." No such bond as was required in the order quoted was given by the collector. The declaration avers, however, that it was because "said James D. Perrego, while acting as tax collector of said Kingston township in said year 1901, did fail to collect, pay over, or account for the sum of $1,236.42 of the special taxes charged and assessed in the duplicates given to him for said year," that the present appellant, his surety on his general official bond, has become liable.

The general Act of May 25, 1878, P. L. 150, provides, "that it shall and may be lawful for all the several courts of any county of this commonwealth to require of the proper parties of any borough, township or district, authorized and empowered to collect special taxes, a bond in such amount as the court shall direct, conditioned for the faithful collection and paying over of all special taxes directed to be assessed and collected for the purpose of paying indebtedness," etc. It further appears from the record that the courts of Luzerne county have adopted a rule of court carefully regulating the practice of the court in ascertaining the indebtedness of boroughs and townships and carrying into effect the requirements of the law in relation thereto. The eleventh and twelfth sections of said rule provide: "Before any proceedings are taken for the collection of the special tax, the township or borough treasurer and collector shall each execute and file in the clerk's office a bond in double the amount of the special tax, with two or more sufficient sureties, to be approved by the court or a judge thereof, conditioned for the faithful collection and paying over of such special tax. . . . If after five days' notice to do so, on or before a day designated by the court, the said officers shall fail to give bond as above required, the court shall appoint a tax collector, who, after giving bond as aforesaid, shall collect the said tax," etc.

Reading together then the act of 1878, the decree entered by the court, already quoted, and the provisions of the rule of court just cited, it seems to us to be clear that no right to collect the special tax devolved upon Perrego solely by reason of the fact that he had been elected the general tax collector of Lake township and had given the bond required by the statute to qualify

him to assume the duties of that office. The regularly elected collector may have had the first right to specially qualify himself to collect this special tax. But such right, if not exercised by a compliance with the provisions of the act of 1878 and the decree of the court made in accordance with its rule, would be lost or transferred to the special appointee of the court. The collector could not be compelled to exercise it. No obligation to undertake such special collection was cast on him by the law as part of the duties of the office to which he had been elected.

In construing the obligations of sureties upon such official bonds, our courts have been careful to confine them to those which are clearly covered by the condition of the bond, and hence could be fairly said to have been contemplated by the surety when the bond was executed. In Com. v. Knettle, 182 Pa. 176, the Supreme Court, speaking through Mr. Justice Mc-Collum, said: "While he [the collector] is elected for a term of three years, he must give a bond annually to be approved by the court. The bond of each year is applicable to and security for the taxes of that year. It does not extend to or include the taxes of the preceding or subsequent year." To the same effect is Sullivan v. Middendorf, 7 Pa. Superior Ct. 71. In 27 Am. & Eng. Ency. of Law (2d ed.), 805, where many cases are cited, the following is declared to be the general principle to be gathered from all the decisions: "Inasmuch as liability attaches to the sureties solely by virtue of the terms of the bond, the sureties are entitled to stand upon it, and are ordinarily responsible for the performance of such duties only as are incident to the office at the time the bond is executed. . . . The general rule is that where a collector is required to perform a duty special in its nature and to give a special bond for its faithful performance, no liability attaches therefor to his general bondsmen in the absence of an express declaration in the bond or an express statutory provision to the effect that they shall be so liable." Nearly a century ago, in Beale's Executors v. Com., 17 S. & R. 392, it was held that an administrator and his surety are not liable on the administration bond for the proceeds of real estate of the intestate sold by order of the orphans' court. This case was followed in Blauser v. Diehl, 90 Pa. 350, in which it was held that

where the real estate of a minor is sold, under an order of the orphans' court, the original sureties of the guardian are not liable for the failure of the guardian to pay over the proceeds of the sale.    In that case Mr. Justice GORDON said: "A guardian has, by virtue of his appointment, no power to alien the land of the minor of whom he has charge; that power is conferred by statute, and only under and subject to prescribed conditions. It is a power entirely separate and distinct from that conferred by the appointment. · The statute under which these proceedings were had, requires the court, before it confers such new power upon the guardian, to see that he executes a bond, with sufficient sureties, conditioned for the faithful appropriation of the proceeds of the proposed sale. . . . The sureties of the guardian are liable for all moneys or property that may come into his hands under the original power. . . . But in such case there is no new power conferred upon the guardian; he takes by virtue of his original appointment." This case again was followed by this court in Com. v. American Bonding & Trust Co., 16 Pa. Superior Ct. 570, and 25 Pa. Superior Ct. 145.

These cases leave no room to doubt that the liability of the present appellant, so far as the record now discloses the facts, must be confined to moneys, the collection of which became the right and the duty of the tax collector by virtue of the office to which he was elected.    As already stated, nothing appears upon the face of the bond to indicate that the surety had any knowledge that it was to cover any other liability than that expressed in its terms, nor does the statement contain any averment that the surety did in fact have such knowledge.    If the fact of such knowledge were averred and established on the trial, a different result might follow.

We are not unmindful that the statement, after reciting the decree of the court, avers: "And in pursuance of the said decree of court, as well as in compliance with the law requiring a general bond to be given annually by him, said Perrego, on May 8, 1901, procured the American Bonding & Trust Company, of Baltimore, defendant, to execute jointly with him a bond," etc., to wit: the bond in suit.    This averment does no more, however, than impute to Perrego the intention to make this single bond

answer the purposes of both general and special bond. It in no way asserts that the surety had any knowledge of such intention or undertook to assume the obligations that would follow the giving of two bonds.

The affidavit of defense further declares that: "The supervisors of said township of Kingston did not in or for the year 1901 levy and assess such special tax or any special tax under said decree, and did not prepare or cause to be prepared a duplicate thereof, and did not issue any warrant for the collection thereof." As the purpose of this action was to establish the liability, not of Perrego, which may be conceded, but of the surety upon his bond, it seems to us the averment above quoted was a most material one. The decree of the court did not levy a tax. It ordered and authorized the supervisors to levy one. Until they obeyed that decree, there was no tax. It is no answer to say that if the collector, even without authority, proceeded to collect money from the taxpayers on their belief in his authority to do so, he himself would be liable to account for the money thus received. And it may also be conceded that when the township auditors proceeded judicially, as they had a right to do, to ascertain the extent of the indebtedness of the collector to the township, their judgment, if unappealed from, would be conclusive upon the officer. In this proceeding the surety had no day in court on the question now under consideration. Its liability must be fixed by a just construction of the bond it executed, and not by the report of the township auditors. For the reasons thus indicated we are of the opinion that the learned court below fell into error in making absolute the rule for judgment.

Judgment reversed and a procedendo awarded. The costs of this appeal to be paid by the appellee.