## Bowman, Appellant, v. Berkey et al.

*Contracts—Promissory notes—Alteration by holder—Judgment for defendant n. o. v.*

The addition of a seal after one of the signatures to a promissory note, by the agent of the holder, without the knowledge or authority of the maker, is a material alteration which avoids the instrument.

Argued Oct. 1, 1918. Appeal, No. 163, Oct. T., 1918, by plaintiff, from judgment of C. P. Cambria Co., Dec. T., 1914, No. 397, for defendant n. o. v., in case of Polly A. Bowman v. Jerry Berkey and W. S. Krise. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Assumpsit on a promissory note. Before BAILEY, P. J.

The opinion of the Supreme Court states the facts. See Bowman v. Berkey et al., 259 Pa. 327.

Verdict for plaintiff for $3,219.99.

The court subsequently entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*Frank P. Barnhart,* for appellant.

*Henry Doerr,* with him *Tillman K. Saylor,* for appellees.

PER CURIAM, October 23, 1918:

The addition of a seal after the signature of W. S. Krise to the note involved in the issue below, without his knowledge or authority, was a material alteration of the instrument: Bowman v. Berkey et al., 259 Pa. 327. The seal was added by the admitted agent of the plaintiff, and the learned trial judge in directing the entering

of judgment for the defendants n. o. v. properly admitted that their point asking for the direction of a verdict in their favor should have been affirmed.

Judgment affirmed.