# Commonwealth *v.* Gutelius et al., Appellants (No. 1).

*Bonds—Tax collector—Alteration—Filling in of blanks—Seals —Two innocent parties—Maxim.*

1. Where sureties on the bond of a tax collector sign it and deliver it to the principal with the names of the parties and the dates not filled in, the principal has implied authority to fill in the blanks with the names and date.

2. Where the bond is a printed form with three printed seals, and seven sureties sign it reciting the words "sealed with our seals," and the principal adds the seals after the last four signatures, the last four signers will be presumed to have adopted the seals which preceded, and the jury may so find irrespective of the implied authority of the principal to add them.

3. The addition was immaterial, the legal effect of the instrument not being charged.

4. Where one of two innocent parties must suffer, he who provides the means of doing the wrong must bear the consequences.

*Public officers—Tax collectors—Duplicates—Credits—Sureties— Prior judgment against principal.*

5. Where a county tax collector applies the money received on the duplicate for one year in satisfaction of a balance due from him on the duplicates of two preceding years, and this is done without the knowledge or connivance of the county authorities, he makes a misappropriation of the money collected, and his sureties on the bond given in the later year are not released from liability for the money so applied.

6. Such a conclusion is especially proper, where it appears that judgment had been recovered against the collector for the balance due without allowance for such advances, that no appeal had been taken, and that the sureties did not intervene then or later for the purpose of securing a reduction of the award.

Argued October 4, 1926.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 91, March T., 1926, by defendants, from judgment of C. P. Cambria Co., March T., 1925, No. 821, on verdict for plaintiff, in case of Commonwealth v. T. O. Gutelius et al.   Affirmed.

Assumpsit on bond of tax collector.   Before EVANS, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $6,679.05.   Defendant appealed

*Errors assigned* were various rulings and instructions, quoting record.

*Frank P. Barnhart,* for appellants.—The alterations were material ones: Craighead v. McLoney, 99 Pa. 211; Lancaster v. Barrett, 1 Pa. Superior Ct. 9; Biery v. Haines, 5 Wharton 563; Bowman v. Berkey, 259 Pa. 327; Swank v. Kaufman, 255 Pa. 316.

A material alteration avoids the writing and there can be no recovery on it either in its altered or original form: Shiffer v. Mosier, 225 Pa. 552; Babb v. Clemson, 10 S. & R. 419; Fulmer v. Seitz, 68 Pa. 237; Bensinger v. Wren, 100 Pa. 500; Barnard v. Kell, 271 Pa. 80.

The delivery of the bond to the principal after it had been signed by the several sureties gave the principal no implied authority to add seals where none had been inserted by the sureties: Bowman v. Berkey, 259 Pa. 327; Biery v. Haines, 5 Whart. 563.

The sureties were entitled to credit for taxes collected for the year covered by the bond, but applied on account of defaults in other years: Com. v. Fidelity & Dep. Co., 224 Pa. 95; Giltinan v. Strong, 64 Pa. 242; Bradford v. Frederick, 101 Pa. 445; Clauss v. Ainey, 279 Pa. 534.

COMMONWEALTH *v.* GUTELIUS et al., Aplnts. (No. 1).    443

1926.]          Arguments—Opinion of the Court.

*P. J. Little,* with him *L. S. Jones,* for appellee.—The sureties intended to confer on their principal authority to complete the instrument: Leech v. Hill, 4 Watts 448; Patterson v. Patterson, 2 P. & W. 200; Worrall v. Gheen, 39 Pa. 388; Xander v. Com., 102 Pa. 434; Gurdus v. Bank, 273 Pa. 110.

The bondsmen could not be heard to contest the amount due the county after judgment was obtained against T. O. Gutelius: Com. v. Fidelity & Dep. Co., 224 Pa. 95.

The uncontradicted testimony in the case showing that the defaulting collector, in paying over moneys to the county treasurer, designated the years for which it was to be applied, the sureties are bound by such application by the county treasurer, and are responsible for the misapplication of funds made by their principal.

OPINION BY MR. JUSTICE SADLER, November 26, 1926:

T. O. Gutelius was appointed delinquent tax collector of Cambria County for the year 1920. He presented a bond to the county treasurer, signed by himself as principal, and six sureties, who are defendants in this proceeding. The date of the obligation was not filled in, nor were the names of the obligors, when they respectively signed, but these additions were made in the blank spaces by the principal before delivery to the proper officials. Though the instrument was executed, and set forth that it was sealed by the parties, and seals were attached to the names of three, such were not placed after the signatures of four, but were added by the tax collector, to whom the obligation had been given for use, when the treasurer's office called attention to the omission. Default in payment of moneys occurred, and a judgment, unappealed from, was obtained against Gutelius. Later, this action of assumpsit to recover from the sureties was begun. In defense, it was alleged that there was such a material alteration of the bond as to render impossible its enforcement, and, further, that

444   COMMONWEALTH *v.* GUTELIUS et al., Aplnts. (No. 1).

Opinion of the Court.                    [287 Pa.

certain sums received in 1920 were improperly used in liquidation of balances due on duplicates issued for prior years, whereas they should have been applied to the indebtedness accruing during that period. A verdict for the plaintiff was directed, and the sureties, denying liability, appeal.

The first defense is based on the changes made in the bond after signing. It may be observed that its admission in evidence was not objected to on the ground of material alteration. The sureties intended, when they executed the writing, to become liable for the taxes collected on the 1920 duplicate. With this in view, they placed it in the hands of the principal with certain blanks unfilled, and thereby granted to him implied authority to make the obligation complete. The filling in of the names of the parties (Hultz v. Com., 3 Gr. 61) and the date by Gutelius, is no defense to the liability assumed: Wiley v. Moor, 17 S. & R. 438; Lance v. Calvert, 21 Pa. Superior Ct. 102. Nor would the use of the bond in violation of some collateral promise relieve from responsibility, for, of two innocent parties, the one making possible the injury to the other must suffer: Xander v. Com., 102 Pa. 434; Gurdus v. Phila. Nat. Bank, 273 Pa. 110; Grotefend v. Valley Laundry Co., 88 Pa. Superior Ct. 510; Simpson v. Bovard, 74 Pa. 351. The insertions were made by the principal, who had been constituted agent for the defendants, and they were bound by his act done in furtherance of their intention to assume liability. There is no suggestion that the officials of the county had any knowledge that the act was without authority, thus distinguishing the cases, relied on by appellants, of which Bowman v. Berkey, 262 Pa. 411, is an example. Further, the addition was immaterial, the legal effect of the instrument not being changed: Barnard v. Kell, 271 Pa. 80.

Appellants insist most strenuously that the placing, by the principal, of seals after the names of the four sureties released all. It will be noticed that the bond

signed, while partly in blank, was delivered to the agent, so that it might be used for the purpose contemplated. Therein it is stated that it is "sealed with our seals." The form used had printed thereon three seals, but the obligation was signed by seven sureties, and it was to the names of the last four that the additions were made by the principal so that it might conform to the understanding of the parties. Under such circumstances, the signers will be presumed to have adopted the seals which preceded (Templeton v. Com., 3 Sad. 550; Hess's Est., 150 Pa. 346; 9 C. J. 15), and a jury may so find, irrespective of the question of the implied authority of Gutelius to add them. We cannot say that the sureties were harmed, and thereby relieved from their liability to respond, when default occurred.

It was further proposed in the court below to show that certain moneys, received by the collector in 1920, should have been credited to the duplicate of that year, but were used in payment of balances due for previous periods, and that credit for these sums should now be given. It is to be noted that the amounts paid were expressly appropriated to the 1918 and 1919 balances by the principal and it was not contended that a wrongful allocation of the money was with the knowledge or connivance of the county officials. This being true the evidence was properly rejected, as expressly held in Com. v. Knettle, 182 Pa. 176. It is also to be observed that in this case judgment had been recovered against the collector for the balance due without allowance for such advances. No appeal was taken, nor did the sureties then intervene, or later ask to do so, for the purpose of securing a reduction of the award. The present defense is not based on matters subsequently occurring, and cannot now be successfully interposed: Clauss v. Ainey, 279 Pa. 534; Com. v. Fidelity & Deposit Co., 224 Pa. 95.

We are convinced that no reversible error has been pointed out, and the assignments of error are overruled.

The judgment is affirmed.