## Hoffman's Petition.

*James Herbert Egan*, for petitioner.
*High, Dettra & Swartz*, for respondents.

KNIGHT, J., Aug. 1, 1929.—John H. Hoffman was duly elected tax collector of the Borough of Norristown in November, 1925. During the years 1926, 1927 and 1928 he has collected the county, school and State taxes, also the delinquent borough taxes of the Borough of Norristown.

In the year 1928, Hoffman furnished a bond in the sum of $300,000, conditioned for the faithful performance of his duties, which bond covered all taxes collected by Hoffman in that year.

According to the record now before us, Hoffman has filed no bond as yet for 1929 covering the State, county and delinquent borough taxes. He has

offered to the school board a bond in the sum of $50,000, which that body declined to accept, and further refuses to deliver the duplicate for the school taxes for 1929 to him unless he furnishes a bond in the sum of $200,000. The tax collector has now obtained this rule on the school board to show cause why they should not accept a bond in the sum of $50,000 and deliver him the duplicate for the school taxes for 1929.

Section 550 of the School Code, Act of May 18, 1911, P. L. 309, provides as follows: "Every person appointed or elected a collector of school taxes in any school district of the second, third or fourth class in this Commonwealth, in addition to any bonds that he may now be required by law to give, and before receiving his tax duplicate and warrant to collect said school taxes, shall furnish to the school district a proper bond, in an amount to be fixed by the board of school directors, with such surety or sureties as it may approve, conditioned upon the faithful performance of his duties as such tax collector. In case any person elected or appointed tax collector shall fail to furnish a proper bond within fifteen days after his appointment, or notice so to do, then, in any such case, the board of school directors shall appoint another suitable person as collector of the school taxes in said district in his place and stead, who, upon giving the proper bond required by the provisions of this act, shall be the duly authorized person to collect the school taxes in said district for the ensuing school year."

The meaning of this section is clear. It requires the collector of school taxes in second, third and fourth class districts (Norristown falls within this designation) to furnish a proper bond in an amount to be fixed by the board of directors. The board is, therefore, vested with discretion to fix the amount of the bond, and it is only in cases of palpable and apparent abuse of this discretion that the courts may interfere.

The duplicate for the school taxes in the school district of the Borough of Norristown for the year 1929 amounts to approximately $540,000, and we are of the opinion that the board of school directors, instead of abusing their discretion, have used good judgment and exercised a wise discretion in fixing the bond of the collector in the sum of $200,000.

This opinion could well stop here, but as there seems to be some confusion in filing bonds by tax collectors, we will give our reasons for our present action.

Taxation is as old as organized society, but for our present purpose we need go no farther back than the Act of Assembly approved June 25, 1885, P. L. 187, regulating the collection of taxes in the several boroughs and townships of the Commonwealth. Section 3 of this act provides that the tax collector shall enter into a bond to the Commonwealth in double the probable amount of taxes that will come into his hands, with at least two sufficient sureties. The bond must be approved by the Court of Quarter Sessions and filed with the clerk thereof. Section 4 of the act requires the several county, borough, township, school, poor and other authorities empowered to levy taxes to issue their respective duplicates of taxes assessed to said collector for collection. The Act approved June 6, 1893, P. L. 333, changed the term of office of the tax collectors in boroughs and townships from one to three years, requiring, however, that they should give bond annually to be approved by the court.

Next came the Act of May 8, 1909, P. L. 474, which cited the 3rd section of the Act of 1885, heretofore mentioned, for amendment in the following particulars: . . . the bond, instead of double the amount which would probably come into the collector's hands, was reduced to not more than the amount of

taxes charged and assessed on the duplicate. The collector could offer two sufficient sureties or one trust or bonding company.

Thus, the law as it stood in 1911 required the tax collector to furnish a bond in amount not more than the total of the duplicates of county, borough, township, school and other taxes placed in his hands for collection.

In 1911, the legislature passed the School Code, containing section 550, as heretofore quoted in this opinion. The School Code does not repeal the Act of 1885, *supra*, in so far as the latter act relates to the collection of school taxes: Black *v.* Duquesne Borough School District, 239 Pa. 96.

It would seem, then, that, after the enactment of the School Code, the collector of school taxes was required to file two bonds, one under the mandatory provisions of the Act of 1885, and the other under the equally mandatory requirements of the School Code: Com. *v.* White et al., 75 Pa. Superior Ct. 554.

It will be noted that the condition of the two bonds is somewhat different. The condition of the bond under the Act of 1885 is that the collector "shall well and truly collect and pay over or account for . . . the whole amount of taxes charged and assessed in the duplicates which shall be delivered to him." The condition of the bond required by the School Code is that the collector shall faithfully perform his duties as tax collector. As the School Code places other duties upon the tax collector besides the collection of taxes, some solicitors of school districts took the view that if the collector filed a substantial bond under the Act of 1885, a nominal bond to the school district would protect that municipality and comply with the law. Much doubt was cast upon this contention, however, by the opinion of the Superior Court in Com. *v.* White et al., *supra*, wherein it is said: "Under the School Code, the special bond designed to be a separate and special security for the collection of the school taxes was to be in an amount fixed by the school board and the surety or sureties thereon were to be approved by the same body."

Indeed, it has been held in the lower courts that the sureties on the bond of the tax collector, filed under the provisions of the Act of 1893, *supra*, are not liable for his failure to turn over school taxes collected by him: Com. *v.* Klugh et al., 32 Lanc. Law Rev. 325.

Later, in the case of Com. *v.* White et al., *supra*, the Superior Court held that the sureties on a tax collector's bond filed under the Act of 1885 were not liable for his failure to account for school taxes collected by him when said collector had *not* given a bond to the school district, as required by the School Code. The court in its opinion, however, states: "We are not to be understood, even by inference, as asserting that, if the tax collector had qualified as the collector of school taxes and had given the bond required by the School Code, the sureties on his general bond would be discharged from any obligation in case of a default by him in the collection of the school taxes. No such question arises upon this record."

This unsatisfactory and uncertain state of affairs has been largely remedied by subsequent legislation.

The Township Code of July 14, 1917, P. L. 840, provides for the election of tax collectors in townships of the first and second class and prescribes the bond to be furnished by them. It is distinctly set forth in the act that this bond shall not cover the collection of school taxes, for which a special bond is given under the School Code.

The General Borough Act of May 4, 1927, § 1081, P. L. 519, provides for the election of tax collectors in boroughs and the bonds to be given by them, and specifically enacts that these bonds shall not cover the collection of school

taxes, for which a separate bond is required under the school laws of the Commonwealth.

Thus, the difficulty has been cleared up with the exception of those boroughs created by special act of assembly which are excluded from the provisions of the General Borough Act of 1927 by section 106. Norristown is such a borough, as it never has accepted the provisions of the Borough Codes. In Norristown, therefore, the only safe thing for the school board to do is to require two bonds, one under the Act of 1885, as amended, and the other under the School Code.

As we view it, the bond given under the School Code is the principal and primary source of security of the school district; hence, we have held that the school board committed no breach of discretion in requiring a bond in the sum of $200,000.

As the Act of 1885, as amended by the Act of 1909, places a limit on the amount of the tax collector's bond of not more than the combined duplicates placed in his hands for collection, discretion is lodged in the court to approve a bond in less amount. In exercising this discretion, relief may be given the tax collector of Norristown from the hardship of requiring excessive and unreasonable bonds for the collection of school taxes.

And now, Aug. 1, 1929, the rule to show cause why the amount of the bond required from the tax collector of the School District of the Borough of Norristown for the faithful performance of his duty should not be fixed at $50,000, and why said tax collector should not be furnished with the duplicate for the year 1929 upon his furnishing a bond in said sum, is hereby discharged, at the cost of the petitioner.